UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TZEZEL BAGHOYAN,<br><br>                              Petitioner,<br><br>v.<br><br>JAMISON MATUSZEWSKI, San Diego Field Office Director, Immigration and Customs Enforcement; JOSEPH SUAZO, Calexico Assistant Field Office Director, Immigration and Customs Enforcement; WILLIAM DEREVERE, Facility Administrator, Imperial Regional Detention Facility; MATTHEW ALLEN, Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; and ALEJANDRO MAYORKAS, Secretary of Homeland Security,<br><br>                              Respondents. | Case No.:  23-CV-71 TWR (BGS)<br><br>**ORDER DENYING AS MOOT PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>(ECF No. 1) |

     Presently before the Court is *pro se* Petitioner Tzezel Baghoyan's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1, "Pet.") as well as a Return in Opposition to Petition for Writ of Habeas Corpus (ECF No. 5, "Return") filed by Respondents Jamison Matuszewski, Joseph Suazo, William Derevere, Matthew Allen, and

Alejandro Mayorkas. The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1) after Petitioner did not file an optional traverse in support of his Petition. (*See* ECF No. 6.)

After reviewing the record in this case, the Court ordered Respondents to provide a status report with evidentiary support addressing (1) whether Petitioner was still in Immigration and Customs Enforcement ("ICE") custody, (2) whether Petitioner had been removed from the United States, and (3) whether the Petition was moot. (ECF No. 7.) Respondents timely responded to the Court's Order and provided evidence that Petitioner was removed from the United States in June 2023. (ECF No. 8, "Status Rep."; ECF No. 8-1 at 2.) For the reasons set forth below, the Court **DENIES AS MOOT** the § 2241 Petition.

## FACTUAL BACKGROUND

Petitioner is a native and citizen of Armenia, who was detained by ICE after he was convicted by a nolo contendere plea of domestic violence upon his former girlfriend. (Pet. ¶ 19; ECF No. 5-1 at 2, 6, 9, 16, 48.) While detained by ICE, Petitioner filed an application for asylum, but the immigration judge ("IJ") denied his application and ordered Petitioner removed from the United States. (ECF No. 5-1 at 57, 72.) The Board of Immigration Appeals then affirmed that denial. (*See id.* at 74–76.) Petitioner subsequently filed a petition for review in the Ninth Circuit. *See Baghoyan v. Garland*, No. 21-1111 (9th Cir. filed Nov. 9, 2021). While waiting for the Ninth Circuit's decision, Petitioner filed the instant Habeas Petition with this Court. (*See generally* Pet.)

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241, arguing he has been held in prolonged detention pending his removal proceedings without a constitutionally adequate hearing in violation of the Fifth Amendment. (*See* Pet. ¶¶ 2–3.) He therefore requests that the Court order his immediate release or, in the alternative, order Petitioner's release within thirty days unless Respondents schedule a bond hearing before an IJ. (*Id.* ¶¶ 4–5.)

///

According to the Ninth Circuit docket sheet (the "Baghoyan Docket"), in February 2023 the Ninth Circuit issued a Memorandum Disposition denying in part and dismissing in part Petitioner's Petition for Review. (*See* Baghoyan Docket No. 33 (filed February 17, 2023)); *see also Baghoyan v. Garland*, No. 21-1111, 2023 WL 2065660 (9th Cir. 2023). Further, the Ninth Circuit mandate issued in April 2023, shortly after this Court took Petitioner's § 2241 Petition under submission without oral argument. (*See* Baghoyan Docket No. 34 (filed April 11, 2023).) According to Respondents' Status Report and the records in Respondents' possession, Petitioner was removed from the United States to Armenia on June 13, 2023, via Los Angeles International Airport on Polish Airlines flight #24. (ECF No. 8-1 at 1–2.)

## LEGAL STANDARD

"The Supreme Court has referred to mootness as the doctrine of standing set in a time frame." *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal quotation marks omitted) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't. Servs., Inc.*, 528 U.S. 167, 189 (2000)). "A case, or an issue in a case, is considered moot if it has lost its character as a present, live controversy of the kind that must exist if [the Court is] to avoid advisory opinions on abstract propositions of law." *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986) (internal quotation marks and citation omitted); *see id*. ("Because mootness is an element of justiciability and raises a question as to our jurisdiction, we consider the matter *sua sponte*."); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) ("An actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." (internal quotation marks and citation omitted)). The Court "cannot take jurisdiction over a claim as to which no effective relief can be granted, because 'federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.'" *Aguirre*, 801 F.2d at 1189 (citations omitted). "Where the question sought to be adjudicated has been mooted by developments subsequent to the filing of the complaint, no justiciable controversy is presented." *Id*.; *see Abdala*, 488 F.3d at 1063 ("At any stage of the proceeding a case becomes moot when 'it

no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998))).

## ANALYSIS

Respondents' Status Report asserts that because Petitioner has been removed from the United States, Petitioner's § 2241 habeas petition is moot. (Status Rep. at 1.) The Court agrees.

"Deportation from the United States after filing a habeas petition does not necessarily moot a petitioner's claim." *Abdala*, 488 F.3d at 1063. "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id*. at 1064. For example, where a petitioner seeks relief from deportation, but is deported before a district court can act on his petition, and he will continue to suffer collateral consequences after his removal because his aggravated felony conviction bars him from seeking cancellation of removal for twenty years, his claim is not rendered moot by his deportation. *See id*. On the other hand, "where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *See id*. In other words, where a habeas petition raises claims that are fully resolved by release from custody, those claims are rendered moot upon deportation. *See id*. at 1064–65.

Here, Petitioner's deportation does not give rise to collateral consequences that are redressable by success on his Petition. His Petition—arguing he has been held in prolonged detention pending his removal proceedings without a constitutionally adequate hearing—asks the Court to order his immediate release because his continued detention is not justified or, in the alternative, order Respondents to schedule a bond hearing before an immigration judge. (Pet. ¶¶ 2–5.) Because Petitioner is no longer in custody, Petitioner has already received the relief he requested in his Petition and there is no longer a live case or controversy for the Court to resolve. Accordingly, the Court **DENIES** the Petition as moot.

## CONCLUSION

For the foregoing reasons, the Court **DENIES AS MOOT** Petitioner's § 2241 Habeas Petition and **DIRECTS** the Clerk of Court to close this file.

**IT IS SO ORDERED.**

Dated: October 3, 2023

_____
Honorable Todd W. Robinson
United States District Judge